NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RINAWATI; TJAHAJA PRATOMO BONG, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-72227 <br><br> Agency Nos. A099-739-945 <br> A099-739-946 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012[**]

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Rinawati and Tjahaja Pratomo Bong, natives and citizens of Indonesia,

petition for review of the Board of Immigration Appeals' ("BIA") order dismissing

their appeal from an immigration judge's decision denying their application for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Substantial evidence supports the BIA's finding that the incidents of harassment and discrimination experienced by petitioners did not rise to the level of persecution. *See Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009). Further, substantial evidence supports the BIA's finding that, even under a disfavored group analysis, petitioners did not show sufficient individualized risk to establish a well-founded fear of future persecution. *See id*. at 977-79; *cf. Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004). Finally, substantial evidence supports the BIA's finding that petitioners failed to establish there is a pattern or practice of persecution against Chinese Christians in Indonesia. *See Lolong v. Gonzales*, 484 F.3d 1173, 1178-81 (9th Cir. 2007) (en banc). Accordingly, petitioners' asylum claim fails.

Because petitioners did not meet the lower burden of proof for asylum, their claim for withholding of removal necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

09-72227

Finally, substantial evidence supports the BIA's denial of CAT relief because petitioners failed to show it is more likely than not they will be tortured if returned to Indonesia.  *See Wakkary*, 558 F.3d at 1067-68.

**PETITION FOR REVIEW DENIED.**